JOHN A. DUBOIS and Another, Copartners, Appellants, *v.* ANTHONY VAN GONSIC and Others, Copartners Doing Business as VAN GONSIC BROTHERS, and Individually, Respondents.

Third Department, January 14, 1931.

*A. D. & A. W. Lent* [*A. W. Lent* of counsel], for the appellants.

*John W. Eckert*, for the respondents.

VAN KIRK, P. J. Plaintiffs demanded judgment restraining defendants, their agents, servants and employees, from directly or indirectly operating motor buses upon the line of the plaintiffs' route between the westerly line of the town of Lloyd (being the easterly line of the town of New Paltz) and Highland Landing for the purpose of carrying passengers over the same whether for hire or otherwise and from in any wise competing by means of any motor vehicle with the plaintiffs' bus line.

The restraining order granted reads as follows: " It is hereby adjudged that the defendants and all of them and their agents, servants and employees be and they are hereby restrained and enjoined directly and indirectly from transporting any passengers by bus or otherwise, the termini of whose journey is or shall be in the town of Lloyd."

Since July, 1925, the plaintiffs and the defendants, or their predecessors, have operated rival bus lines between the village of New Paltz, in the town of New Paltz, across the town of Lloyd, to the west bank of the Hudson river at Highland Landing, whence is a public ferry to the city of Poughkeepsie. The route of these operations is the old through route between these two termini, over and along which, for some years prior to 1925, a street surface railroad line was operated. There is no incorporated village on this line between the village of New Paltz and the Hudson river. The passengers using the bus lines are generally people passing from one terminus to the other. In the village of New Paltz is a normal school attended by students who pass to and from the school over

this line. This school is the cause for much of the passenger traffic over this line.

The municipal authorities of the village and town of New Paltz and of the town of Lloyd have adopted resolutions which make the provisions of the Transportation Corporations Law, sections 65, 66 and 67, as amended by chapter 762 of the Laws of 1926, applicable. The plaintiffs have the consent of the town board of Lloyd and a certificate of necessity and convenience from the Public Service Commission to operate their bus line over this route in the town of Lloyd. They have applied to the municipal authorities in the village and in the town of New Paltz for consent to operate this line within their respective limits. These applications are held up. The defendants have the consent of the authorities in the village and in the town of New Paltz. They have applied for a certificate of convenience and necessity, which has been denied. They have also applied to the town board of the town of Lloyd for consent to operate over this line in that town and this application has been denied.

The consent of the municipal authorities is a condition precedent to the granting of a certificate of convenience and necessity. (*Matter of City of Long Beach* v. *Pub. Serv. Comm.*, 249 N. Y. 480.) The plaintiffs have the right to operate their bus line across the town of Lloyd. Their operation of this bus line from the west line of the town of Lloyd, which is the east line of the town of New Paltz, into the village of New Paltz, is without authority of law. (Transp. Corp. Law, §§ 66, 67.) Defendants have not the legal right to operate over any part of this bus line or route.

Upon these facts the plaintiffs were entitled to the restraining order asked for (Transp. Corp. Law, § 66; *Huff* v. *City of New York*, 202 App. Div. 425), but it is claimed by the defendants that there is a third party interested in this proceeding, namely, the public, which has no means of transportation over this route, save by buses, and it was the interest of this third party which induced the trial court to grant the limited restraining order. The plaintiffs seem to have the control of the municipal authorities in the town of Lloyd; the defendants the control of the municipal authorities in the town of New Paltz. The rights of the public are not regarded by either party, or by their partisans, the respective municipal authorities, and there is no indication that the partisans of either party are inclined to yield. Until by some means harmonious action, perhaps by consolidation or sale, or by the partisan boards in recognizing the rights of the public they represent, is induced, the convenience of the public will be disregarded.

We are unable to agree with the lower court that the restraining

order in respect to the town of Lloyd, seeking to prevent the defendants from carrying passengers through that town from the New Paltz town line to the river, should be denied because plaintiffs do not come into court with clean hands. They are operating, as both companies have operated for five years. They have the legal right to run their buses in the town of Lloyd and to the restraining order asked. The defendants, on the other hand, have no legal right to operate over any part of the route. On this record an order could not be granted restraining the plaintiffs from operating in the town and village of New Paltz, except that on the trial the plaintiffs offered to stipulate "that the injunction sought in this action might embody a condition that plaintiffs should not operate in either the town or village of New Paltz unless or until proper consents and certificates of necessity and convenience were granted." In our view, if this proposed stipulation is acted upon, the parties and their partisans will be more quickly induced to some harmonious action and thus the interests of the public be more quickly served than under the present judgment.

The judgment should be modified, without costs, by striking out the words: " the termini of whose journey is or shall be," and by adding after the words " town of Lloyd " the following: " On condition that plaintiffs shall not operate in either the town or village of New Paltz unless or until proper consents and certificates of necessity and convenience be granted them, so long as buses are run regularly on this route from the village of New Paltz to the town line between New Paltz and Lloyd on a schedule to meet the regular buses operated by plaintiffs to and from that line; but if, and when, such service in the town and village of New Paltz fails, the condition in this restraining order shall cease." As modified the judgment should be affirmed.

All concur.

Judgment modified by striking out the words, " the termini of whose journey is or shall be," and by adding after the words " town of Lloyd " the following: " On condition that plaintiffs shall not operate in either the town or village of New Paltz unless or until proper consents and certificates of necessity and convenience be granted them, so long as buses are run regularly on this route from the village of New Paltz to the town line between New Paltz and Lloyd on a schedule to meet the regular buses operated by plaintiffs to and from that line; but if and when such service in the town and village of New Paltz fails, the condition in this restraining order shall cease; " and as so modified the judgment is affirmed, without costs.